UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Michael Phillip Bourque<br><br>v.<br><br>United States of America | Crim. No. 4:02-cv-00336-TLW<br><br>**ORDER** |

This matter comes before the Court on the motion of Michael Phillip Bourque, requesting the appointment of counsel. ECF No. 172. After reviewing his request and the record before it, the Court **DENIES** Bourque's motion for the appointment of counsel.

In December 2002, Bourque was convicted at trial of Count 1 (armed bank robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d)), Count 2 (using, carrying, and possessing a firearm during and in relation to and in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2), and Count 3 (felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1)). ECF No. 73. He was sentenced to 300 months as to Count 1 and 447 months as to Count 3, said sentences to run concurrently. ECF No. 98. On Count 2, Bourque received a consecutive sentence of 84 months pursuant to the statutory requirements of § 924(c), for a total sentence of 531 months. *Id.*

Bourque appealed his conviction and sentence, both of which were affirmed by the United States Court of Appeals for the Fourth Circuit. ECF No. 133. He next sought to collaterally attack his sentence via a habeas corpus petition pursuant to 28 U.S.C. § 2255. ECF No. 137. The Court denied his § 2255 petition, his appeal of

which was dismissed by the Fourth Circuit. ECF Nos. 156 & 170. Finally, Bourque sought compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which this Court denied in a detailed written order. ECF Nos. 173 & 185.

While incarcerated on the offenses of conviction, Bourque assaulted and seriously injured a correctional officer by repeatedly stabbing him. ECF Nos. 179 & 183. He was subsequently prosecuted in the Western District of Louisiana for this conduct and was convicted of assaulting a federal officer in violation of 18 U.S.C. § 111(a)(1) and (b). ECF Nos. 179 & 183. He was sentenced to 200 months imprisonment, said sentence to run consecutively to his sentence for the instant offenses, for a total sentence of 731 months. ECF Nos. 179 & 183.

Presently, Bourque "seeks the appointment of counsel to prepare a motion to this same court to correct Petitioner's sentence in accordance to the recent amendments made to sentencing statutes by the First Step Act." ECF No. 172 at 1. Specifically, Bourque alleges that "the First Step Act amended sentencing on stacking multiple firearm counts for the same firearm used in a drug or violent felony." *Id.*

Bourque's motion does not state whether he is seeking counsel to correct his sentence pursuant to 28 U.S.C. § 2255 or to modify his sentence pursuant to 18 U.S.C. § 3582. *See United States v. Ferguson*, 55 F.4th 262, 265 (4th Cir. 2022) (discussing the distinction between relief under § 2255 and § 3582). Regardless, caselaw provides guidance in connection with the appointment of counsel in post-conviction proceedings. "It is well settled that "a criminal defendant has no right to

counsel beyond his first appeal." *Coleman v. Thompson,* 501 U.S. 722, 756 (1991); *United States v. Coleman*, No. CR 3:01-506-JFA, 2020 WL 8258249, at *1 (D.S.C. July 30, 2020) ("As an initial matter, there is no general constitutional right to appointed counsel in post-conviction proceedings."). Although due process mandates the appointment for certain post-conviction proceedings, a motion to reduce a sentence pursuant to § 3582(c) does not fit into this category. *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000). Similarly, "the Constitution does not require counsel for defendants who attack their judgments under 28 U.S.C. § 2255." *Hunt v. Nuth,* 57 F.3d 1327, 1340 (4th Cir. 1995).

The Court has discretion to appoint counsel in proceedings under § 2255 or § 3582 if the interests of justice so require. *Id.* The Court has discretion to appoint counsel in proceedings under § 3582(c) if the interests of justice so require. 18 U.S.C. § 3006(a)(2)(B); *Legree,* 205 F.3d at 1340. However, the "interests of justice," *id.,* require the appointment of counsel only in the most "exceptional circumstances." *United States v. Fulton*, No. 3:14-CR-00554-JMC-1, 2021 WL 2848292, at *1 (D.S.C. July 7, 2021) (citing *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989)). "The existence of such circumstances will turn on the quality of two basic factors–the type and complexity of the case, and of the abilities of the individuals bringing it." *Id.* (cleaned up) (citing *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978) (explaining that exceptional circumstances exist when a "pro se litigant has a colorable claim but lacks the capacity to present it.")).

In analyzing Bourque's request for a court-appointed attorney, the Court turns to the first factor: the type and complexity of the case. The Court concludes that this factor does not weigh in favor of Bourque. His motion asserts that he requires an attorney to seek correction of his sentence based on the First Step Act's amendments to the "stacking" of "multiple firearm counts" and notes that "he was sentenced on multiple counts for the same firearm used in a drug or violent felony." ECF No. 172 at 2. As relevant background, before the First Step Act, federal prosecutors could "stack" multiple violations of § 924(c) for sentencing because a first and "second or subsequent" offense could be charged at the same time. As the relevant statute provided, a defendant who robbed two commercial businesses while brandishing a firearm could be charged with two violations of § 924(c) and, if convicted at trial face a 7-year mandatory minimum as to the first violation and a 25-year mandatory minimum as to the second violation, said sentences to run consecutively. In 2018, Congress modified § 924(c) to provide that the 25-year mandatory minimum penalty now applies to a second or subsequent § 924(c) conviction only if the prior § 924(c) conviction already "has become final." Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5222.

The First Step Act's amendments to "stacking" do not have any impact on Bourque's sentence because he is not serving a "stacked" sentence. Bourque is sentence is partially based on two firearm counts: Count 2 (violation of § 924(c)) and Count 3 (felon in possession in violation of § 922(g)). However, a "stacked" sentence is the result of multiple § 924(c) convictions, not the combination of a § 924(c)

conviction and a § 922(g) conviction. Here, Bourque was convicted and sentenced on only one § 924(c) violation, which resulted in his 84-month consecutive sentence on Count 2. ECF No. 98. He is thus neither serving a "stacked" sentence nor a sentence impacted by the First Step Act's amendments to stacking under § 924(c). Therefore, the Court finds the first factor, the complexity of the case, weighs against Bourque.

Similarly, the Court concludes the second factor, the abilities of the individual to bring his case, also weighs against Bourque because he has already showcased his ability to present his claims to the Court. This is exhibited by his filing and litigation of both his § 2255 petition and § 3582 motion. Based on his past ability to litigate his claims, the Court concludes that he has sufficient abilities to bring his case. Thus, the Court concludes this factor weighs against him.

Based on the foregoing, the Court concludes that "exceptional circumstances" warranting the appointment of counsel do not exist. Hence, the "interests of justice" do not require the appointment of counsel in this case. Accordingly, Bourque's motion for the appointment of counsel, ECF No. 172, is **DENIED.**

IT IS SO ORDERED.

                                                             *s/ Terry L. Wooten*
                                                            Terry L. Wooten
                                                            Senior United States District Judge

December 18, 2023
Columbia, South Carolina